UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VAS EDELEN,                                                     Civil Action No.:

                          Plaintiff,

     -against-

API FORTRESS, INCORPORATED and
PATRICK POULIN,

                          Defendants.
----------------------------------------------------------------X

## COMPLAINT

Plaintiff, Vas Edelen ("Plaintiff"), by and through his attorneys, Neil H. Greenberg &

Associates, P.C., as and for his Complaint against Defendants, API Fortress, Incorporated and

Patrick Poulin, respectfully alleges as follows:

## JURISDICTION AND VENUE

1.  Plaintiff brings this action to recover unpaid wages resulting from Defendant, API

Fortress, Incorporated's breach of contract and Defendants' violation of the New York Labor

Law ("NYLL") Article 6.

2.  Jurisdiction over Plaintiffs' claims is based upon 28 U.S.C. section 1332.

3.  The amount in controversy in this action exceeds the sum or value of $75,000.00,

exclusive of interest and costs.

4.  Venue in this district is appropriate under 28 U.S.C. section 1391(b)(2) because a

substantial part of the events giving rise to these claims occurred in this judicial district.

## THE PARTIES

5.  Plaintiff is a citizen of Alexandria, Virginia.

6.  Defendant, API Fortress, Incorporated ("API Fortress"), is a foreign corporation duly

1

formed and existing under and by virtue of the laws of the State of Delaware.

7. API Fortress has a principal place of business located at 1412 Broadway, New York, NY.

8. Defendant, Patrick Poulin ("Poulin"), is the Chief Executive Officer and the only Officer of API Fortress.

9. Poulin resides at 330 3rd Avenue, Apt. 20A, New York, NY and is a citizen of the State of New York.

## FACTS

10. Poulin has and continues to own and operate API Fortress.

11. API Fortress has and continues to provide Application Programming Interface monitoring and testing solutions for its clients.

12. On or about January 17, 2017, Poulin hired Plaintiff to work for API Fortress.

13. On or about January 17, 2017, API Fortress and Plaintiff entered into a written Employment Agreement.

14. Poulin signed the Employment Agreement as Chief Executive Officer of API Fortress.

15. The Employment Agreement provided that Plaintiff was to be employed as Sales and Business Development and shall report to Poulin.

16. During Plaintiff's employment, Poulin supervised Plaintiff on a daily basis.

17. During Plaintiff's employment, Poulin supervised API Fortress's other employees on a daily basis.

18. During Plaintiff's employment, Poulin determined what job duties Plaintiff was going to perform.

19. During Plaintiff's employment, Poulin determined the job duties of other API Fortress employees.

20. During Plaintiff's employment, Poulin participated in running the day-to-day operations of API Fortress.

21. During Plaintiff's employment, Poulin determined the compensation packages of API Fortress's employees.

22. During Plaintiff's employment, Poulin made hiring and firing decisions on behalf of API Fortress.

23. The Employment Agreement provided that Plaintiff was entitled to receive commissions on payments received from any Qualifying Sales.

24. The Employment Agreement provided that Plaintiff was to receive a 15% commission on Direct Sales and a 10% commission on Business Development.

25. The Employment Agreement provided that commissions were to be paid on a monthly basis in the month following receipt of the customer's payment.

26. Additionally, the Employment Agreement identified a Qualifying Sale as, *inter alia*, sales that were the direct result of Plaintiff's efforts to engage, communicate, and facilitate the acquisition of new clients.

27. During his employment, Plaintiff's primary duty was to obtain sales by engaging, communicating, and facilitating the acquisition of new clients for API Fortress.

28. Plaintiff performed this primary duty on a daily basis and, for the most part, at API Fortress's New York, NY address.

29. Plaintiff's daily efforts to obtain sales by engaging, communicating, and facilitating the acquisition of new clients for API Fortress did, in fact, result in numerous companies entering into contractual relationships with and becoming clients of API Fortress.

30. These companies include, but are not limited to, IBM/Bluemix, Levelup, National Grid,

Stubhub, CDK, Innovate UK, Yousign, Consolidated, AMC Networks, and Sony POC.

31. In fact, Plaintiff's efforts in performing his primary duty directly resulted in IBM/Bluemix purchasing API Fortress's platform at a cost of 1.8 million dollars.

32. API Fortress, however, did not pay Plaintiff the 15% commission that he was entitled to for engaging, communicating with, and facilitating the acquisition of this new client.

33. API Fortress also did not pay Plaintiff the full commissions he earned through his efforts in engaging, communicating, and facilitating the acquisition of the new clients identified in paragraph 30 herein.

34. During his employment, Plaintiff often complained to Poulin that API Fortress continually failed to pay him earned commissions.

35. Plaintiff's most recent complaint to Poulin was in the middle of July 2019.

36. As a result of this complaint, Poulin fired Plaintiff.

37. As a result of API Fortress's breach of the Employment Agreement and failure to pay Plaintiff earned commissions, Plaintiff has sustained damages.

## COUNT I
### (Breach of Contract Against API Fortress only)

38. Plaintiff reassert and realleges the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. That Plaintiff and API Fortress entered into a written Employment Agreement on or about January 17, 2017.

40. That all contracts imply a covenant of good faith and fair dealing in the course of performance.

41. That Plaintiff fully performed his obligations as set forth in the Employment Agreement.

42. That API Fortress breached the Employment Agreement and the terms and conditions

thereof by failing to pay Plaintiff commissions that he earned through his efforts in engaging, communicating with, and facilitating the acquisition of the new clients.

43. That on or about July 17, 2019, Poulin fired Plaintiff.

44. Poulin did not fire Plaintiff for "Cause" as set forth in the Employment Agreement.

45. Thus, as set forth in the Employment Agreement, API Fortress is also responsible for paying Plaintiff commissions on payments received by API Fortress within sixty (60) days of Plaintiff's termination.

46. That by failing to exercise good faith and deal fairly with Plaintiff, API Fortress breached the covenant of good faith and fair dealing that is implied in all contracts.

47. That by reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the sum or value of $75,000.00 exclusive of interest and costs.

**COUNT II**
**(Violation of Article 6 of the NYLL by API Fortress and Poulin)**

48. Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49. At all times relevant to this Action, Plaintiff was an employee of API Fortress and Poulin as defined in section 190 of the NYLL.

50. At all times relevant to this Action, API Fortress and Poulin were both employers of Plaintiff as defined in section 190 of the NYLL.

51. At all times relevant to this Action, Defendants employed Plaintiff as a commissioned salesman as defined in section 190 of the NYLL.

52. That Defendants suffered and permitted Plaintiff to work for them without paying Plaintiff the full amount of commissions that he earned.

53. That Defendants suffered and permitted Plaintiff to work for them without paying

Plaintiff the full amount of commissions that he earned in a timely manner as set forth in section 191 of the NYLL.

54.  That Defendant repeatedly accepted the fruits of Plaintiff's labor without paying Plaintiff the full amount of commissions that he earned.

55. As a result of Defendants' violation of NYLL sections 191 and 198, Plaintiff has incurred harm and loss in an amount that exceeds the sum or value of $75,000.00, along with liquidated damages, interest, attorney's fees, and costs of litigation.

**COUNT III**
**(Violation of NYLL section 215 by API Fortress and Poulin)**

56. Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57. During his employment, Plaintiff often complained to Poulin that API Fortress continually failed to pay him earned commissions.

58. Plaintiff's most recent complaint to Poulin was in the middle of July 2019.

59. In response to this complaint, Poulin fired Plaintiff.

60. That Defendants took an adverse employment action against Plaintiff in response to engaging in the protected activity of complaining to them about not be paid earned wages.

61. That there is a causal connection between this protected activity and such adverse employment action.

62. That Defendants' actions, as alleged herein, are based on a retaliatory motive.

63. As a result of Defendants' illegal retaliation and violations of the NYLL, Plaintiff has incurred harm and loss in an amount that exceeds the sum or value of $75,000.00, along with compensatory damages, payment of lost compensation, liquidated damages, interest, attorney's fees, and costs of litigation pursuant to the NYLL.

6

## COUNT IV
### (Violation of NYLL Section 195(1) Against API Fortress and Poulin)

64. Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 63 as if fully set forth herein.

65. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

66. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting New York Labor Articles.

67. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V
### (Violation of NYLL Section 195(3) Against API Fortress and Poulin)

68. Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 67 as if fully set forth herein.

69. Defendants willfully failed to provide Plaintiff accurate written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address

7

and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

70. Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting New York Labor Articles.

71. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, and in favor of Plaintiff in an amount that exceeds the sum or value of $75,000.00, and as follows:

A. Declare that Defendant API Fortress, Incorporated breached the Employment Agreement as alleged herein;

B. Declare that Defendants, jointly and severally, violated the provisions of the NYLL by failing to pay Plaintiff earned commissions as alleged herein;

C. Declare that Defendants' conduct complained of herein constitutes illegal retaliation in violation of the NYLL;

D. Award Plaintiff all relief for Defendants' unlawful retaliation against him, including lost compensation, liquidated damages, interest, attorney's fees and costs;

E. Award Plaintiff damages for Defendant, API Fortress, Incorporated's breach of the Employment Agreement plus interest;

F.  Award Plaintiff damages under the NYLL for Defendants' failure to pay him earned

commissions and provide wage notices and wage statements, plus liquated damages,

interest, attorney's fees and costs; and

G.  Provide such further relief as the Court deems just and proper.

Dated: Massapequa, New York
       September 25, 2019

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for Plaintiff
4242 Merrick Road
Massapequa, New York 11758
(516) 228-5100